# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ; | |
| | : | CIVIL NO. 3:13CV1657(EBB) |
| v. | | CRIM NO. 3:12CR04(EBB) |
| | : | |
| KOUWANII BRUNSTORFF | : | |

### RULING ON MOTION VACATE, SET ASIDE OR CORRECT SENTENCE

Pending before the Court is the *pro se* motion[1] of the defendant, Kouwanii Brunstorff ("Brunstorff"), pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. He claims that his Sixth Amendment rights were violated by the ineffective assistance of his counsel and that the Court erred in sentencing him as an armed career criminal. For the following reasons, Brunstorff's motion [doc. #1] is DENIED.

### *FACTS AND PROCEDURAL BACKGROUND*

On March 22, 2011, police officers responded to a report of a domestic disturbance at 130 State Street, Apartment 2A, in New London, Connecticut. Upon arrival, they found a child unattended in a crib. The complainant, Jillian Jelkanen ("Jelkanen"), had gone to the police department and reported that Brunstorff, her boyfriend, had assaulted her. While the officers were in the apartment, they observed, in plain view, boxes containing .357 and .386 ammunition and narcotics paraphernalia. Thereafter, the officers obtained a state search warrant for the apartment. During the search of the apartment, the officers found, under a pile of clothing in the laundry room, a loaded Hi-Point .380 semi-automatic pistol with an obliterated serial number. In the bathroom, behind a wall that had been nailed shut, the officers found a loaded .357 Rossi,

---

[1]The Court gives this *pro se* motion a liberal construction and reads it as raising "the strongest arguments it suggests." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

wrapped in a towel.  When questioned, Jelkanen told the officers that she had seen Brunstorff in possession of firearms in the apartment.  Police later learned that the revolver had been stolen by a drug-addicted person who had given it to Brunstorff to pay off a drug debt.  After his arrest, Brunstorff was heard in prison calls admitting that he had not known earlier that "they had found both things," one of which was the "one" he had hidden in a place that was nailed shut.  He was also heard saying that his fingerprints would not be on either gun.  In fact, no prints were recovered from either gun.

On January 5, 2012, Brunstorff was charged in a federal indictment with one count of being a felon in possession of firearms and one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924,  The indictment's allegation that he was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was based on his three prior predicate felony convictions under New York penal law; *i.e.*, (1) an April 22, 1999 conviction for assault in the second degree, in violation of NYPL § 120.05(3) and 120.05(2); (2); an April 22, 1999 conviction for assault in the second degree in violation of NYPL § 120.05(2) and attempted assault in the second degree, in violation of NYPL § 110 and § 120.05(2); and (3) a February 15, 1994 conviction of two counts of robbery in the first degree,  in violation of NYPL § 160.15(4).  The indictment, as well as the PSR, noted that each of these convictions was categorically a crime of violence.

On March 30, 2012, Brunstorff pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  As he admitted in his plea agreement, and as the PSR and the Court concluded, he was an armed career criminal under the ACCA by virtue of his three New York violent felony convictions.  In calculating Brunsdorff's recommended

guideline sentence, the Court assigned a base offense level of 34 pursuant to § 4B1.4(b)(3)(A), the armed career criminal guideline, based on his three violent felony convictions and the fact that he had possessed a firearm in connection with a controlled substance offense.  The Court applied a three-level reduction for acceptance of responsibility under guideline § 3E1.1, which resulted in a total offense level of 31.  His prior convictions and his status as an armed career criminal resulted in a criminal history category ("CHC") of VI.  With a total offense level of 31 and a CHC VI, the Court found his guideline sentencing range was 188 to 235 months.  In addition, Brunstorff faced a statutory mandatory minimum of 180 months to life under the ACCA.  At Brunstorff's sentencing on August 10, 2012, the Court granted his request for a downward departure to the statutory mandatory minimum and sentenced him to 180-months imprisonment.  A judgment of conviction was entered on August 17, 2012.  Brunstorff did not take an appeal.  He filed the instant habeas petition on November 8, 2013, more than one year after his sentence became final.

## *DISCUSSION*

In the instant habeas petition, Brunstorff maintains that his sentence must be vacated, set aside or corrected pursuant to 28 U.S.C. § 2255.  He claims that his Sixth Amendment right to counsel was violated by his attorney's ineffective assistance in failing to move to suppress the firearms on the grounds that the search was conducted without probable cause, based on an asserted discrepancy in the police reports and his vague, factually unsupported claim that the police officers were under investigation for planting false evidence.  Brunstorff also claims error in the Court's determination that he was an armed career offender, contending that it incorrectly applied a categorical approach in determining his three prior convictions were violent felonies, in

contravention of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).  He further asserts error in

the Court's finding that his prior New York state convictions triggered the ACCA's mandatory

minimum sentence, as required by <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  In

opposition, the government maintains that his habeas petition is time-barred and his claims are

substantively devoid of merit.  The Court agrees.

### *The Petition is Time-Barred*

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitations applies to motions for

habeas corpus relief under 28 U.S.C. § 2255.  The limitations period begins to run from the latest

of, *inter alia*, the date on which the judgment of conviction becomes final; the date on which the

right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

or the date on which the facts supporting the claim could have been discovered through the

exercise of diligence.  28 U.S.C. § 2255(f) (1), (3) and (4).

The judgment of conviction in this case was entered on August 17, 2012.  Brunstorff did

not take an appeal and thus his conviction became final on August 31, 2012, the date on which

the time for filing an appeal expired.  <u>See</u> <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir.

2005) (holding that for § 2255 purposes, an unappealed judgment becomes final when the time

for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (providing that a notice of appeal

must be filed within 14 days after entry of judgment).  Brunstorff did not file his habeas petition

until November 8, 2013, more than fifteen months later.

Further, the procedural bar resulting from Brunstorff's time-barred habeas petition is not

excused by either of the relevant provisions of § 2255(f).  Specifically, § 2255(f)(3) is unavailing

because neither of the two recently issued Supreme Court rulings on which Brunstorff relies, Descamps and Alleyne, recognized a new right that has been made retroactively applicable by the Supreme Court to cases on collateral review.  Likewise, § 2255(f)(4) is not applicable as the defendant acknowledges in his petition that he asked his counsel to file a motion to suppress the handgun before he pleaded guilty, but his counsel refused to do so.  Thus, the facts supporting his ineffective assistance of counsel were known to him in 2012, before the judgment of conviction entered.

For these reasons, and in the absence of any rare or exceptional claims or grounds for equitable tolling, Brunstorff's motion for habeas corpus relief is time barred and this Court may not entertain it.

### *The Petition is Substanively Without Merit*

Nonetheless, even if this habeas petition were timely filed, the Court notes that Brunstorff would not be entitle to the relief he seeks.  Neither his Sixth Amendment claim of ineffective assistance of counsel, nor his claims of newly recognized rights under Descamps and Alleyne, are factually or legally availing.

### *Brunstorff Has Not Established Ineffective Assistance of Counsel*

Brunstorff has not, nor can he, establish that his counsel's performance, in failing to move to suppress the firearms, was deficient, or that he was prejudiced as a result of any such deficient performance by his counsel.

To prevail on an ineffective assistance of counsel claim, a defendant must show both that (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his

case.  Strickland v. Washington, 466 U.S. 668, 678 (1984).  To satisfy the first element, the

petitioner must show that the error was so serious that counsel was not functioning as the counsel

guaranteed by the Sixth Amendment and his performance was outside the wide range of

professionally competent assistance.  Id. at 687, 690.  Prejudice under Strickland means there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  The court must indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance; that is, the petitioner must

overcome the presumption that, under the circumstances, the challenged action might be

considered sound strategy.  Id. at 689.  The failure to make a meritless argument does not rise to

the level of ineffective assistance, and strategic choices made after investigation of the law and

facts, are virtually unchallengeable.  United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995).

Brunstorff's factually and legally unsupported allegations of his counsel's deficient

performance do not establish a Sixth Amendment violation.  His claim that counsel should have

moved to suppress the firearms based on a discrepancy in the police reports that vitiated a finding

of probable cause, i.e., one officer stated that the ammunition was on a kitchen counter while the

other stated that the ammunition was on a kitchen shelf, is unavailing.  Such a minor difference

in the words used to identify the place in the kitchen where the ammunition was observed in

plain view would not have affected a judicial officer's finding of probable cause.  Moreover,

there were other facts, including the ammunition itself and Jelkanen's statement that she had seen

Brunstorff with firearms in the apartment, which provided probable cause to issue the search

warrant.  Further, Brunstorff's vague and factually unsupported claim that the police officers were

under investigation for planting evidence, without more, would not necessarily have caused a

6

reasonably competent attorney to move to suppress the evidence.  In sum, Brunstorff's allegations regarding the absence of probable cause supporting the search warrant are legally insufficient, vague and conclusory, and as such, do not satisfy the cause element of <u>Strickland</u>.  Brunstorff also fails to establish the prejudice element of <u>Strickland</u>.  He does not even allege that, but for the errors he asserts, he would not have pleaded guilty and would have insisted on going to trial. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

For these reasons, even if Brunstorff had timely filed a habeas petition based on ineffective counsel, he would not have prevailed.

### ***There Was No Error in Sentencing Under the ACCA***

Brunstorff also asserts that the Court erred in finding his prior felony convictions for assault, attempted assault and robbery were categorically violent felonies that qualified him as an armed career offender and thus subject to the ACCA's mandatory minimum sentence without an inquiry into how the offenses were committed.  He maintains that the Court should have used a modified categorical approach and, because his predicate convictions were the result of *Alford* pleas, should have conducted a factual inquiry before determining whether his convictions were for violent felonies under the ACCA.  This argument is without merit.

In determining whether a prior state-felony conviction qualifies as a predicate violent felony offense under the Armed Career Criminal Act, a district court takes either a categorical approach or a modified categorical approach.  The categorical approach applies where the statute of the prior conviction has a single, indivisible set of elements.  If so, it is considered generically. The sentencing court looks only to the fact of conviction and the statutory definition of the prior offense.  <u>Shepard v. United States</u>, 544 U.S. 13, 17 (2005).  In other words, the court examines

the statute of the prior conviction in terms of how the law defines it and does not consider how an individual offender might have committed it. Descamps v. United States, 133 S. Ct. at 2293; United States v. Beardsley, 691 F.3d 252, 259 (2d Cir. 2012).

The modified categorical approach serves a limited function and is used only if the statute of the prior conviction is divisible into qualifying and non- qualifying sections, *i.e.*, it criminalizes a broader range of conduct than falls within the violent felony definition of § 924(e)(1). This approach allows the sentencing court to look beyond the fact of conviction and consider the facts underlying it, as revealed in a limited class of documents, including the charging document, a transcript of the plea colloquy or explicit factual findings made by the trial judge, to determine which alternative element in the divisible statute formed the basis of the defendant's conviction. Descamps, 133 S. Ct. at 2293; see also United States v. Williams, 526 F. App'x 29 (2d Cir. 2013); Beardsley, 691 F.3d at 258.

In this case, the Court did not have a choice between applying the categorical or modified categorical approach because the statutes of Brunstorff's prior New York convictions of assault in the second degree, attempted assault in the second degree, and robbery had indivisible elements. Indeed, all three of these statutes had previously been held to be categorically crimes of violence under § 924(e). Specifically, under NYPL § 120.05(2), a person is guilty of  assault in the second degree when: "[w]ith intent to cause physical injury to another person, [he or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." Under NYPL § 160.10, a person "is guilty of robbery in the first degree when he forcibly steals property." Brunstorff's prior convictions were thus categorically violent felonies under § 924(e)(1) because they have as elements the use or attempted use of physical force

8

against the person of another.  United States v. Walker, 442 F.3d 787, 788 (2d Cir. 2006) (holding that convictions under New York penal laws for assault in the second degree and attempted assault were categorically violent felonies under the ACCA); United States v. Bogle, 522 F. App'x 15, 16 ( 2d Cir. 2013) (noting that robbery under New York penal laws,  regardless of the specific subsection, is categorically a violent felony because it has as an element the use, attempted use or threatened use of physical force against the person of another).

Further, as a substantive matter, Brunstorff's reliance on Descamps, 133 S. Ct. at 2276, is unavailing.  In fact, its holding is completely inapposite.  Descamps reaffirmed the Supreme Court's prior decisions and definitively held that the modified categorical approach has no role to play in determining whether a prior offense was a violent felony under the ACCA where the statute of conviction is *not* divisible, but has a single, indivisible set of elements.  Id. at 2285-2293 (holding that "a court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction").  Thus, Descamps provides no support for Brunstorff's claim that this Court erred in applying the categorical approach.  Moreover, as a procedural matter, Descamps was decided in 2013, after Brunstorff's conviction became final, and has not been made retroactively applicable on collateral review.

Brunstorff's reliance on Alleyne is similarly misplaced.  That ruling also post-dates Brunstorff's conviction and was not made retroactively applicable to cases on collateral review.  And, as a matter of law, Alleyne does not support Brunstorff's claim that his conviction was unconstitutional because his prior convictions were facts that triggered the ACCA's mandatory minimum sentence and, as such, must have been stipulated by him or proven to a jury.  The Second Circuit recently rejected this argument in United States v. Wiggan, 530 F. App'x 51 (2d

Cir. 2013).  In <u>Wiggan</u>, the court held that the Supreme Court's earlier decision in <u>Almendarez-</u> <u>Torres v. United States</u>, 523 U.S. 224, 239-47 (1998), was controlling and had not been overruled by <u>Alleyne</u>, in which the Court expressly declined to revisit it.  <u>Wiggan</u>, 530 F. App'x at 56 n.1 (citing <u>Alleyne</u>, 133 S. Ct. at 2160 n.1).  The Second Circuit declined to ignore the binding Supreme Court precedent established in <u>Almendarez-Torres</u>, that a sentencing court may rely on the fact of a prior conviction without a jury finding, in order to expose a defendant to increased punishment.  <u>Id.</u> (quoting <u>United States v. Santiago</u>, 268 F.3d 151, 155 n. 6 (2d Cir. 2001) ("It is not within our purview to anticipate whether the Supreme Court may one day overrule [Almendarez–Torres].)); <u>see also</u>, <u>United States v. Fox</u>,  No. 12-3333-cr, 2014 WL 943231 *2 (2d Cir. Mar. 12, 2014) (same); <u>United States v. DeLaRosa</u>, 548 F. App'x 717, 723 (2d Cir. 2013) (same).  Accordingly, Brunstorff is not entitled to relief under <u>Alleyne</u>.

### <u>*CONCLUSION*</u>

For the foregoing reasons, Brunstorff's petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 [doc. #1] is DENIED.  Because Brunstorff has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this <u>15th</u> day of May, 2014, at New Haven, Connecticut.